[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Lawrence Mondary, appeals from the judgment of the trial court imposing maximum, consecutive sentences after he pleaded guilty to two counts of gross sexual imposition and one count of rape. The victims were the three daughters of the woman with whom Mondary was living. At the time of the offenses, the daughters were sixteen, twelve, and eleven years of age. Four counts involving similar offenses, concerning the same victims, were dropped as a result of a negotiated plea bargain. In addition to imposing maximum, consecutive sentences, the trial court adjudicated Mondary a sexual predator.
On appeal, Mondary argues that maximum sentences were not proper under R.C. 2929.14(c) because none of the three counts represented the worst form of the offense. According to Mondary, the charges of gross sexual imposition involved "simple touching of the genital area," while the charge of rape concerned "[m]erely inserting a finger into the vagina of the child." Mondary also argues that the court failed to consider the sentencing factors set forth in R.C. 2929.12 and 2929.13, particularly those concerning his lack of a significant juvenile and criminal record, as well as his professed remorse. R.C. 2929.12(E)(2), (3), and (5). Further, Mondary accuses the court of finding that he was a pedophile with a likelihood of recidivism without supporting testimony or evidence. Finally, Mondary challenges the trial court's finding that he would not be amenable to community control and that he poses a threat to the public. According to Mondary, because the offenses all occurred within one family, it cannot be said that the public has any reason to fear him.
Initially it should be pointed out that, at the sentencing hearing, counsel for Mondary conceded that he had a "sickness" that would "probably * * * be around for a while" and required treatment. The sexual abuse occurred for years, as both parties conceded at the hearing. The incident of sexual abuse with the oldest daughter involved the coercion of a death threat. The police officer present at the hearing informed the court that the children were all extremely afraid of Mondary.
The trial court specifically found the following sentencing factors: that all three children suffered psychological harm; that Mondary was not amenable to community control and that prison was consistent with the purposes of sentencing; that a minimum term would demean the seriousness of the offenses; that Mondary had committed the worst form of the offenses; that Mondary posed the greatest likelihood of recidivism; that multiple prison sentences were necessary to protect the public and were not disproportionate to the seriousness of the crimes and the risk posed to the public; and that a single prison term was inadequate in view of the harm caused.
Having reviewed the record, we cannot say that the sentencing factors relied upon by the court were not supported by the record or were contrary to law. State v. Kershaw (1999), 132 Ohio App.3d 243,724 N.E.2d 1176. Given the youth of the victims, as well as the domestic setting of the abuse and the horrifying atmosphere it must have created for these children in their own home, we cannot say that the trial court was wrong in characterizing these as the worst forms of the offenses.
With regard to the finding that Mondary was a sexual predator, likely to recidivate, we hold that the record was sufficient to establish a strong likelihood of reoffending. Mondary clearly fit the pedophile profile, which the Ohio Supreme Court has recognized as a class of sexual offenders with an especially high rate of recidivism. See State v.Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., DOAN and SUNDERMANN, JJ.